UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MELVIN JOSEPH SIMMONS,

    Plaintiff,

v.

LUCY H. KOH,

    Defendant.

Case No. 21-cv-05966-EMC

**ORDER OF DISMISSAL**

## I.     INTRODUCTION

Melvin Joseph Simmons, a prisoner at the California Substance Abuse Facility, filed this *pro se* civil rights action under 42 U.S.C. § 1983 to complain about a separate action considered by United States District Judge Lucy H. Koh ("Judge Koh"). *See* Docket No. 1 ("Complaint").[1] Mr. Simmons's Complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II.     BACKGROUND

On December 21, 2020, Mr. Simmons filed a lawsuit against California Correctional Health Care Services. *See* Docket No. 1, *Simmons v. Cal. Corr. Health Care Servs.*, 5:20-cv-9282 (N.D. Cal. Dec. 21, 2020) ("*CCHCS* Action"). That action was assigned to Judge Koh.

Also on December 21, 2020, the Clerk of the Court sent Mr. Simmons a notice that he had neither paid the filing fee for nor moved to proceed *in forma pauperis* in the *CCHCS* Action. *See* Docket No. 3, *CCHCS* Action ("Clerk's Notice"). The Clerk's Notice informed Mr. Simmons that by January 18, 2021, he needed either to pay the filing or to move to proceed *in forma pauperis*, and that

---

[1] Docket citations refer to the docket for the instant action, unless otherwise specified.

if he failed to do so his "action will be DISMISSED." *Id*. (emphasis in original).

On February 2, 2021, this District received a check from Mr. Simmons. *See* Docket No. 11, *CCHCS* Action. The check was received and processed by a cashier in the Office of the Clerk of the Court in San Francisco. *See id*, *CCHCS* Action (showing that the check was received by "division 3" of this District). The receipt of the check was not reflected on the docket for the CCHCS Action at that time. *See generally*, Docket, *CCHCS* Action.

As of February 22, 2021, more than one month past the deadline given to Mr. Simmons in the Clerk's Notice, the docket for the *CCHCS* Action did not reflect any response from Mr. Simmons. *See generally*, Docket, *CCHCS* Action. Judge Koh therefore dismissed the *CCHCS* Action without prejudice. *See* Docket No. 4, *CCHCS* Action.

On March 12, 2021, Mr. Simmons objected that he had, in fact, paid the filing fee for the *CCHCS* Action, and attached an account statement which showed a "voluntary withdrawal" to a "U.S. dist[rict] court." *See* Docket No. 6 at 3, *CCHCS* Action. The account statement neither identified the court to which payment had been sent, nor identified the case number of the action for which payment had been made. *See id*.

On April 21, 2021, the Clerk of the Court found Mr. Simmons's check, and posted a "correct[ion]" to the docket for the *CCHCS* Action stating that Mr. Simmons's payment for the *CCHCS* Action had been received. *See* Docket No. 11. This payment was applied to the filing fee due for the *CCHCS* Action. *See id*. After the Clerk of the Court confirmed that Mr. Simmons had, in fact, responded to the Clerk's Notice, Judge Koh reopened the *CCHCS* Action and screened Mr. Simmons's complaint pursuant to 28 U.S.C. § 1915A. *See* Docket No. 12, *CCHCS* Action (screening complaint); *see also* 28 U.S.C. § 1915A(a) (requiring a district court to screen any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity"). Judge Koh dismissed Mr. Simmons's complaint with leave to amend, and provided extensive instructions to Mr. Simmons on how to state a cognizable claim. *See* Docket No. 12, *CCHCS* Action.

On August 2, 2021, Mr. Simmons filed the instant action alleging that Judge Koh had attempted to embezzle Mr. Simmons's payment in the *CCHCS* Action, and that Judge Koh's

administrative dismissal of the *CCHCS* Action for non-payment was an act of bias. *See* Compl. at 2, 4. As relief, Mr. Simmons demanded that Judge Koh recuse herself from any action involving Mr. Simmons; that Judge Koh pay damages to Mr. Simmons; that the *CCHCS* Action not be dismissed for any reason in the future; and that Mr. Simmons be released from prison. *See id.* at 7.

The instant action was automatically assigned to Judge Koh pursuant to a General Order of this District. *See* N.D. Cal. Gen. Order 44(6) ("[T]he Clerk [of the Court] shall assign any non-habeas civil complaint filed by a prisoner within five (5) years after the filing of the first civil complaint by that party to the same judge to whom the first such complaint was assigned."). Judge Koh recused herself from the instant action. *See* Docket No. 6. This action was then reassigned to the undersigned. *See* Docket No. 7.

### III.     DISCUSSION

Having considered the Complaint and information subject to judicial notice, the Court concludes the Complaint fails to state a claim for relief. As noted above, Mr. Simmons alleges that Judge Koh attempted to embezzle his check for the *CCHCS* Action, and that Judge Koh dismissed the *CCHCS* Action out of bias. *See* Compl. at 2, 4. The docket of the *CCHCS* Action, of which this Court may properly take judicial notice,[2] reveals that Mr. Simmons's allegations of embezzlement is false. In addition, Mr. Simmons's bias claim fails as a matter of law. These defects are incurable and require the dismissal of the instant action without leave to amend.

A.     Legal Standard

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b).

---

[2] Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). Court orders and other court documents are proper subjects of judicial notice, *see id.,* as are records of court proceedings, *see Dawson v. Mahoney,* 451 F.3d 550, 551 n.1 (9th Cir. 2006). A court "may take judicial notice on its own" or after a party requests that it do so. Fed. R. Evid. 201(c).

3

*Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In screening a *pro se* complaint, a district court may consider information which properly is subject to judicial notice. *Cato v. United States*, 70 F.3d 1103, 1105 (9th Cir. 1995) (affirming a district court's dismissal of a complaint as duplicative at screening, where district court considered previous actions filed by the plaintiff); *Williams v. Paramo*, 830 F. App'x 981, 982 (9th Cir. 2020) (same, and noting that "the district court permissibly took judicial notice of multiple actions" filed by the plaintiff) (citing *Cato*, 70 F.3d at 1105). A "court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on other grounds on denial of reh'g,* 275 F.3d 1187 (9th Cir. 2001).[3]

B.     Embezzlement Claim

As to the embezzlement allegation, the docket of the *CCHCS* Action shows that Mr. Simmons's payment was applied to the filing fee for that action. *See* Docket No. 11, *CCHCS* Action. Because Mr. Simmons's payment was applied to the *CCHCS* Action, it was not embezzled by Judge Koh.

Moreover, although the docket does not reveal the status of the check between its receipt by this District on February 2, 2021 and its application to the *CCHCS* Action on April 21, 2021, it is apparent that the check was received and processed by a cashier in the Office of the Clerk of the Court in San Francisco. *See* Docket No. 11, *CCHCS* Action (showing that the check was received by "division 3" of this District). *See also* United States Dist. Ct. for N.D. Cal., Office of the Clerk of the Court, https://cand.uscourts.gov/about/clerks-office/ (last visited Sept. 16, 2021) ("The clerk of the federal district court . . . serves as the chief executive officer of the court, managing all of its non-judicial functions, such as . . . financial management and accounting . . . .").[4] Judge Koh sits

---

[3] *See also Spencer v. Kokol*, 744 F. App'x 515 (9th Cir. 2018) (finding that district court properly dismissed prisoner's complaint at screening) (citing *Sprewell*, 266 F.3d at 988); *Raiser v. City of Los Angeles*, 698 F. App'x 412, 413 (9th Cir. 2017) (same); *Morales v. Cribbs*, 633 F. App'x 434 (9th Cir. 2016) (same); *King v. Capps*, 384 F. App'x 601, 602 (9th Cir. 2010) (same).

[4] The Court may "take judicial notice of this information, as it was made publicly available by government entities." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (taking judicial notice of information on school websites); *see also Chess v. Romine*, No. 18-CV-

4

1  in San Jose and is not a cashier.  *See* United States Dist. Ct. for N.D. Cal., District Judge Lucy H.

2  Koh, https://cand.uscourts.gov/judges/koh-lucy-h-lhk/ (last visited Sept. 16, 2021).  Judge Koh

3  therefore did not take receipt of Mr. Simmons's check.  While the delay in applying Mr.

4  Simmons's check to the filing fee for the *CCHCS* Action is regrettable, that administrative delay

5  cannot be attributed to embezzlement by Judge Koh.

6  Because Mr. Simmons's check was applied to the filing fee for the *CCHCS* Action, and

7  was not handled by Judge Koh in any case, Mr. Simmons's embezzlement claim fails.

C.  Bias Claim

9  As to the bias allegation, Mr. Simmons's claim fails because the sole defendant is entitled

10  to absolute immunity.  Moreover, the record from the *CCHCS* Action reveals no bias.

11  Judge Koh is a federal judge and her actions with respect to the *CCHCS* Action were done

12  in her judicial capacity.  A federal judge is absolutely immune from civil liability for acts

13  performed in his or her judicial capacity; this immunity is not limited to immunity from damages,

14  but also extends to actions for declaratory, injunctive, and other equitable relief.  *See Moore v.*

15  *Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996); *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1394 (9th

16  Cir. 1987) (applying judicial immunity to actions under *Bivens* ); *see also Pierson v. Ray*, 386 U.S.

17  547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the

18  immunity of judges from liability for damages for acts committed within their judicial jurisdiction,

19  as this Court recognized when it adopted the doctrine, in *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed.

20  646 (1872)."); *see also In re Castillo*, 297 F.3d 940, 951 (9th Cir. 2002) (concluding that "the

21  judicial function of managing" a docket "is unquestionably discretionary in nature," and entitled to

22  immunity).  Accordingly, Mr. Simmons's bias claim must be dismissed because is it barred by the

23  doctrine of absolute judicial immunity.  *See Harshman v. Beistline*, No. 18-CV-05430-EMC, 2019

24  WL 295261, at *2 (N.D. Cal. Jan. 23, 2019) (dismissing complaint barred by judicial immunity),

---

05098-JSC, 2018 WL 5794526, at *4 (N.D. Cal. Nov. 2, 2018) (taking judicial notice of statistical and administrative information published on the website of the United States Courts); *Paralyzed Veterans of Am. v. McPherson*, No. C064670SBA, 2008 WL 4183981, at *5 (N.D. Cal. Sept. 9, 2008) (noting that "government agency websites [] have often been treated as proper subjects for judicial notice") (citing cases).

1  *appeal dismissed*, No. 19-16693, 2019 WL 6445436 (9th Cir. Oct. 30, 2019).

2        In any event, the record from the *CCHCS* Action reveals no bias on the part of Judge Koh.[5]
3  The Clerk's Notice informed Mr. Simmons that by January 18, 2021, he must pay the filing fee
4  for, or move to proceed *in forma pauperis* in, the *CCHCS* Action or his case "will be dismissed."
5  Docket No. 3, *CCHCS* Action. When January 18, 2021 arrived, the docket for the *CCHCS* Action
6  did not reflect any payment or in forma pauperis motion from Mr. Simmons. *See generally*,
7  Docket, *CCHCS* Action. Judge Koh waited an additional month before dismissing the *CCHCS*
8  Action, meaning she gave Mr. Simmons extra time in which to comply with the Clerk's Notice.
9  *See* Docket No. 4, *CCHCS* Action (case dismissed on February 22, 2021). In addition, Judge Koh
10 dismissed Mr. Simmons's action without prejudice, meaning Mr. Simmons could re-file his claim
11 in a new action. *See id.* These circumstances do not suggest bias, but rather routine case
12 management decisions which happened to be adverse to Mr. Simmons. It is well-settled that
13 "adverse rulings, standing alone, are not proof of misconduct." *In re Compl. of Jud. Misconduct*,
14 715 F.3d 747, 749 (9th Cir. 2013); *see also Liteky v. United States*, 510 U.S. 540, 555 (1994)
15 ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion").

16       Because Judge Koh is judicially immune from Mr. Simmons's bias claim and in any event
17 did not exhibit bias, Mr. Simmons's bias claim fails.

18 D.    <u>Amendment Would Be Futile</u>

19       "[A] district court may dismiss without leave [to amend] where . . . amendment would be
20 futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011); *see*
21 *also Bobadilla v. Lizarraga*, 834 F. App'x 376, 377 (9th Cir. 2021) (affirming dismissal of

---

[5] To the extent Mr. Simmons intends to argue that Judge Koh exhibited bias by not reopening his action upon receipt of his objection, as noted above Mr. Simmons's account statement gave no indication that his check had been sent to this District, much less had been designated for the *CCHCS* Action. *See* Docket No. 6 at 3, *CCHCS* Action. According to the system that provides access to federal court dockets, Mr. Simmons has filed well over one hundred cases in federal courts across the country, at least forty of which are civil rights suits against government entities. *See* "Simmons, Melvin," PACER Case Locator, https://pcl.uscourts.gov/ (last visited July 30, 2021). Judge Koh thus had no way of knowing whether the account statement's reference to a payment made to *some* district court for *some* action reflected a payment to *this* District for the *CCHCS* Action. That Judge Koh waited to reopen the *CCHCS* Action until she had received payment confirmation from the Office of the Clerk of the Court does not demonstrate bias.

1    prisoner's complaint at screening without leave to amend because amendment would have been

2    futile). Here, because any attempt to amend his complaint would be futile, Mr. Simmons will not

3    be granted leave to amend.

4          Amendment of Mr. Simmons's embezzlement claim would be futile because Mr. Simmons

5    cannot truthfully show on amendment that Judge Koh took receipt of his check, because judicially

6    noticeable information proves that she did not. *See* Fed. R. Civ. P. 11 (requiring truthful

7    allegations). Where "[i]t would not be possible" for a plaintiff to state a claim on amendment

8    "without contradicting any of the allegations of his original complaint," courts regularly find that

9    amendment would be futile. *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990)

10   (holding that district court did not abuse discretion by denying leave to amend, where complaint

11   could not truthfully be amended to state a claim); *see also Robinson v. WMC Mortg. Corp.*, 649 F.

12   App'x 636, 637 (9th Cir. 2016) (same); *Heisen v. Pac. Coast Bldg. Prod., Inc.*, 26 F.3d 130 (9th

13   Cir. 1994) (unpublished) (same).

14         Amendment of Mr. Simmons's bias claim would be futile because Mr. Simmons cannot

15   overcome Judge Koh's absolute judicial immunity. Where a defendant is entitled to absolute

16   judicial immunity, the Ninth Circuit has held that a district court may deny leave to amend on

17   futility grounds. *See Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997) (district

18   court did not abuse its discretion in denying leave to file third amended complaint), *overruled on*

19   *other grounds by Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001); *see also Schlosser v.*

20   *Renne*, 116 F.3d 1486 (9th Cir. 1997) (unpublished) (affirming district court's of dismissal of

21   initial complaint against defendant entitled to absolute prosecutorial immunity); *Zamora v.*

22   *Gonzalez*, 15 F.3d 1095 (9th Cir. 1994) (unpublished) (affirming dismissal at screening of

23   complaint against defendants obviously entitled to qualified immunity).[6]

---

[6] *See also Hubbard v. Johnson*, No. 19-CV-04136-JST, 2019 WL 5579507, at *5 (N.D. Cal. Oct. 29, 2019) (dismissing at screening a claim barred by judicial immunity, and denying leave to amend because amendment would be futile), *appeal dismissed as frivolous,* No. 19-17309, 2020 WL 2462576 (9th Cir. Apr. 8, 2020)*; Barnes v. Santa Clara Cty. Dist. Attorney's Off.*, No. 20-CV-02113-YGR (PR), 2020 WL 3971615, at *2 (N.D. Cal. July 14, 2020) (dismissing complaint at screening, and concluding amendment would be futile because defendants were entitled to judicial, prosecutorial, and sovereign immunity); *Lewis v. Curtis*, No. C-08-0712-WHA-PR, 2008 WL 410616, at *1 (N.D. Cal. Feb. 12, 2008) (dismissing complaint against state court judge at

For these reasons, Mr. Simmons's claims of embezzlement and judicial bias are incurably defective. Mr. Simmons's action is accordingly dismissed without leave to amend.

### IV. CONCLUSION

This action is dismissed for failure to state a claim upon which relief may be granted. Because amendment would be futile, dismissal is without leave to amend. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: September 17, 2021

_____
EDWARD M. CHEN
United States District Judge

---

screening, and concluding amendment would be futile because defendant was entitled to absolute judicial immunity).